

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 17, 1953

Hon. Frank D. McCown
County Attorney
Dallam County
Dalhart, Texas

Opinion No. S-54

Re: Validity of an instrument
    executed by a defendant in
    a misdemeanor case, waiving
    trial by jury and appearance
    in person or by counsel and

Dear Sir:
    entering a plea of guilty.

        You have submitted the following two questions
for answer:

        "Question One: Does the term counsel,
as used in Article 581, C.C.P. mean any one
other than a party licensed to practice law
in the State of Texas?

        "Question Two. Would a legal instrument,
drawn as a waiver of all rights to a trial
by jury, waiving all rights for the defendant
to be physically present in the Court room
when the case is heard, and punishment is
passed, waiving all rights to have an attorney
at law appointed for him to be present in the
Court room, and waive any and all rights to
contest the decision of the Court, be valid
and binding wherein the charge is a misdemeanor
only?"

        Article 581, Vernon's Code of Criminal Proce-
dure, reads as follows:

        "In other misdemeanor cases, the de-
fendant may, by consent of the state's
attorney, appear by counsel, and the trial
may proceed without his personal presence."

The word "counsel" has a legal meaning as defined by <u>Words and Phrases</u>, Per. Add. (1940) 10, page 8.

"The word 'counsel' as used in Vernon's Constitution of Texas, Article I, Section 10, providing that an accused has the right of being heard by himself or counsel or both, has a well established meaning and as there used it means an advocate, counsellor or pleader, one who assists his client with advice and pleads for him in open court; and it does not mean one not admitted to practice law." Harkins v. Murphy and Balonz, 112 S.W. 136; Higgins v. Parker, 191 S.W.2d 668 (Rehearing denied 1946).

Therefore, we agree with you that "counsel" means a licensed lawyer of this state and that under Article 581, Vernon's Code of Criminal Procedure, in misdemeanor cases where the punishment is by fine only, a defendant may be represented by counsel who is a licensed lawyer in the State of Texas, and the defendant's physical presence is not necessary to a disposition of his case.

Article 782, Vernon's Code of Criminal Procedure, provides:

"The judgment in a misdemeanor case may be rendered in the absence of the defendant."

Article 518, Vernon's Code of Criminal Procedure, provides:

"A plea of guilty in a misdemeanor case may be made either by the defendant or his counsel in open court. In such case, the defendant or his counsel may waive a jury, and the punishment may be assessed by the Court; either upon or without evidence, at the discretion of the Court."

Thus it will be seen that a waiver of trial by jury of the defendant must be made in open court in a misdemeanor case. We find no authority for using a

written waiver in misdemeanor cases, but the above quoted statutes seem to us to give full and complete authority to try defendant in his absence in misdemeanor cases without a waiver when and only when he is represented by counsel.

Article 11, Vernon's Code of Criminal Procedure, has no application to misdemeanor cases. The caption of the last amendment to Article 11 (Senate Bill 53, Acts of the 42nd Legislature, R.S., 1931, ch. 43, p. 65) restricts the provisions of this statute to felony cases less than capital.

Therefore, you are advised that defendants in misdemeanor cases when punishment is by fine only, may be tried in their absence without securing waivers, when appearance is made by counsel.

## SUMMARY

The word "counsel" in law means a person licensed to practice law in the State of Texas.

An instrument in the nature of a written waiver may not be used by the defendant in a misdemeanor case in lieu of his personal appearance or appearance by his counsel.

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

C. K. Richards
Reviewer

By B. Duncan Davis
B. Duncan Davis
Assistant

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

BDD:am